Donahue, J.
The record in this case presents a single question of law. The court of appeals found as a fact that no ordinance or resolution declaring it necessary to issue and sell bonds of the municipality in an amount specified in such resolution and fixing a day upon which the question of issuing and selling such bonds should be submitted to the electors of the municipality was ever passed by the council or by a vote of the electors of the city, except as the same may be included in the initiated ordinance.
It is contended on the part of the plaintiff in error that such a resolution is essential to the validity of all subsequent proceedings to issue and sell bonds of a municipality for any purpose mentioned in Section 3939, General Code.
Counsel for plaintiff in error cites in support of this contention the case of The Elyria, Gas & Water Co. v. The City of Elyria, 57 Ohio St., 374, decided January 26, 1898.
That case can have no application whatever to the question here involved, for the reason that the statutes there considered and construed are no longer the law of Ohio.
*6 Section 2837, Revised Statutes, as it then read, required that before any bonds could be issued under the provisions of Section 2835, Revised Statutes, the question of issuing such bonds should be submitted to the voters of the township, hamlet, or municipality, at a general or special election; and that whenever the trustees of any township or hamlet, or the council of any municipal corporation, shall by resolution declare it necessary to issue and sell bonds of such township, hamlet, or municipal corporation, for any or either of the purposes mentioned in Section 2835, Revised Statutes, in an amount specified in such resolution, and shall in such resolution fix a date upon which the question of issuing and selling such bonds should be submitted to the electors of the township, hamlet, or municipality, and shall cause a copy of such resolution to be certified to the proper election officers, that the question should then be submitted to the electors.
This court very properly held in the case of The Elyria Gas & Water Co. v. The City of Elyria, supra, that under the provisions of this section of the Revised Statutes, as it then read, this preliminary resolution was essential to the validity of all subsequent proceedings. On the 29th day of April, 1902, Sections 2835, 2836 and 2837, Revised Statutes, were amended. (95 Ohio Laws, 318.) Section 2835, Revised Statutes, as amended, authorized the trustees of a township or hamlet, or council of a municipal corporation, to issue bonds for the purposes named therein, provided that the total bonded indebtedness created in any one fiscal year under *7 the authority of that act should not exceed one per cent, of the total value of all property listed and assessed for taxation; and provided, further, that the aggregate amount of all outstanding and unpaid bonds issued under authority of that act should never exceed four per cent, of the total valuation, unless such indebtedness in excess of one per cent, for the fiscal year, or in excess of a total of four per cent., should be authorized by vote of the electors.
Section 2837, Revised Statutes, as amended April 28, 1902 ( 95 O. L., 318, 321), provided that before any bonds in excess of the said one per cent, in any one fiscal year, or in excess of, the said four per cent, in the aggregate, are issued, or tax levied, as provided in Sections 2835 and 2836, Revised Statutes, the question of issuing the same should be submitted to the voters of the township, hamlet, or municipal corporation, at a general or special election.
Under these sections, as amended, the council of a municipal corporation or the trustees of a township or hamlet might authorize the issuing of bonds for the purposes named in the statute, within the limitations named, by ordinance or resolution passed or adopted by an affirmative vote of not less than two-thirds of the members of such board of trustees or council, elected or appointed thereto, without submitting such question to a vote of the electors of the township, hamlet, or municipality. Where no election is required, no preliminary resolution is necessary.
*8 Sections 2835 and 2836, Revised Statutes, were amended several times (97 O. L., 291; 98 O. L., 63; 100 O. L., 53) before the adoption of the General Code; but these amendments contained the same provision with reference to the authority of the city council to issue bonds within the limitations of one per cent, and four per cent., and requiring that where it was proposed to issue bonds in excess of one per cent, in any one fiscal year, or in excess of four per cent, in the aggregate, the question of issuing the same should be submitted to the voters.
The Codifying Commission divided Section 2835, Revised Statutes, into Sections 3939 to 3946, inclusive, General Code. Section 3939, General Code, as written by the Codifying Commission, relates exclusively to municipal corporations, and authorizes the council of a municipality to issue bonds for the purposes named therein without any limitation or restriction whatever as to amount. Section 3940, General Code, limits the authority of the council to issue bonds under authority of Section 3939, General Code, to an indebtedness not exceeding one per cent, of the total tax valuation of all the property, in any one fiscal year. Section 3941, General Code, provides that when it is proposed to issue bonds in excess of one per cent, the question of so doing should be submitted to a vote of the electors. Section 3942, General Code, provides that the total net indebtedness incurred by a municipal corporation under the authority of Section 3939, General Code, shall not exceed four per cent, of the total tax valuation, unless the ex *9 cess be authorized by vote of the qualified electors of the municipality.
Section 2837, Revised Statutes, was also subdivided by the Codifying Commission into Sections 3948 to 3954, inclusive, General Code. Section 3948, General Code, as written by the Codifying Commission, provided, that, before any bonds' in excess of the limitations of one per cent, in any one fiscal year and four per cent, aggregate net indebtedness are issued, or taxes levied to pay the same, the question of issuing such bonds should be submitted to the voters of the corporation at a general or special election.
Section 3939, General Code, was amended at the regular session of the Seventy-ninth General Assembly by Senate Bill No. 281 (102 O. L., 153) and Senate Bill No. 131 (102 0. L., 262). Boththese bills were passed on May 15, 1911. It is perhaps immaterial for the purposes of this case which of these acts is now in force, for in so far as it affects the question under consideration the language of Section 3939, General Code, as found in each act, is substantially identical.
Senate Bill No. 131 also amends Sections 3948 to 3954, inclusive, General Code. Section 3948, General Code, as amended by this act, reads: “The net indebtedness created or incurred by a municipal corporation under authority of sections one [Section 3939, General Code] and four [Section 3942, General Code] of this act and under the authority of an act passed April 29th, 1902, to amend sections 2835, 2836 and 2837 and to repeal section 2837a of the Revised Statutes * * * together *10 with its subsequent amendments, shall never exceed in total eight (8) per cent, of the total value of all property in such municipal corporation as listed and assessed for taxation.”
These provisions were substantially the provisions of Section 3954, General Code, and that section is repealed by this act. Section 3942, General Code, which originally provided that the net indebtedness should not exceed four per cent, of the total value of the property listed for taxation, unless the excess of such amount was authorized by'vote of the qualified electors, was amended by Section 4 of this act to read as follows: “In addition to the authority granted in section one (1) of this act [3939, General Code] and supplementary thereto, the council of a municipal corporation, whenever it deems it necessary, may issue and sell bonds in such amounts, or denomination, and for such period of time and rate of interest not exceeding six per cent, per annum, as it may determine upon for any of the purposes set forth in said section one [3939, General Code], upon obtaining the approval. of the electors of the corporation at a general or special election.”
Section 3943, General Code, which originally provided the method of ascertaining the net indebtedness, as amended by Section 5 of this act, now provides the procedure when bonds are proposed to be issued under authority of Section 3942, General Code, in addition to the authority granted in Section ,3939, General Code, but has no application whatever to bonds issued under authority of that *11 section within the limitations contained in Sections 3940 and 3941, General Code.
These sections are rewritten into this amendment in the identical language contained in original code Sections 3940 and 3941, and were in force at the time the ordinance in question was initiated and submitted to a vote of the electors of the city of Circleville. These statutes have since been amended, but these amendments do not apply to this case.
It is clear from the history of this legislation, and the. several amendments of Sections 2835 and 2837, Revised Statutes, that Sections 3942 and 3943, General Code, as amended by Sections 4 and 5 of the act of May 15, 1911 (102 O. L., 262), have no application to the issuing of bonds under the provision of Section 3939, General Code, where the amount of the bonds proposed to be issued is within the limitations contained in Sections 3940 and 3941, General Code; otherwise these sections would have no purpose and no meaning and might just as well never have been written into the statute laws of this state.
If it were proposed to issue bonds in excess of these limitations, then Sections 3942 and 3943, General Code, would apply, and the preliminary resolution required by Section 3943, General Code, would be essential to the validity of all subsequent proceedings. This preliminary resolution would be the first “measure required to be passed,” within the meaning of that term as used in Section 4227-3, General Code, as amended 103 Ohio Laws, 211, and would be the only legislation or other *12 measure to which the act of April 17, 1913 (103 O. L., 211), would apply.
If that resolution were initiated by petition and adopted by the electors of the municipality, it would then become the duty of the city council to adopt such further ordinances or other measures as the law requires to complete the legislation necessary to make and pay for the proposed public improvement.
This provision of Section 4227-3, General Code, is evidently intended to prevent the necessity and absurdity of submitting the same question a second time to the electors of a municipality.
It is true that a serious question arises as to the vote required to adopt a resolution, initiated by petition, declaring it necessary to issue bonds in excess of the limitations named in Sections 3940 and 3941, General Code.
Section 4227-1, General Code, provides that where an ordinance or other measure is initiated by petition it may be approved by a majority of the electors voting upon the same.
Section 3947, General Code, provides that a resolution of this character requires for its adoption an affirmative vote of two-thirds of the electors voting upon the question of issuing the proposed bonds. 'The authorities are uniform that, where there is a special statutory provision relating to a particular matter, such special provision must be read as an exception to the general statutes that would otherwise control, and that in all such cases the special provision applies. That question, however, is not presented in this record.
*13 There is no averment in the amended petition in this case that the proposed issue of bonds for the purposes named in the initiated ordinance will exceed the limitations named in Sections 3940 and 3941, General Code. Therefore but one ordinance is all that is required to complete the legislation necessary to authorize the issue of bonds within these limitations. That ordinance may be adopted by the city council by an affirmative vote of not less than two-thirds of the members elected or appointed thereto, or it may be initiated by petition and adopted by -a majority of the electors voting upon the question.
Nor is there any averment in this amended petition that the bonds proposed to be issued are in excess of the limitations named in Section 3948, General Code, as amended May 15, 1911 (102 O. L., 262); or that under the provisions of Section 5649-2 et seq., General Code, limiting the maximum.of tax rates which may be levied in any one taxing district, a tax cannot be levied as required by Section 11 of Article XII of the Constitution of Ohio, as amended September 3, 1912, to provide an amount sufficient to pay the interest on the bonds proposed to be issued and a sinking fund for their final redemption at maturity. Robe v. Board of Education, 88 Ohio St., 403.
These two limitations apply, however, to all issues of bonds, regardless of the statutes under which they are proposed to be issued, and there is no method of procedure by which bonds in excess of these limitations may be lawfully issued.
*14 For the reasons stated, the judgment of the court of appeals is affirmed.
Judgment affirmed.
Nichols, C. J., Wanamaker, Newman, Jones, Matthias and Johnson, JJ., concur.